Case 1:19-cr-00306-RLY-MJD   Document 47   Filed 05/30/24   Page 1 of 5 PageID #: 167

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
Bryan Miranda-Alvidrez

Case No.: 1:19-cr-00306-RLY-MJD-01
USM No: 17233-028

Date of Original Judgment: 6/29/2020
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Pro se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   06/29/2020   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   05/30/2024

*Judge's signature*

Effective Date:
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00306-RLY-MJD |
| | ) | |
| BRYAN MIRANDA-ALVIDREZ, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Bryan Miranda-Alvidrez moves to reduce his 120-month sentence under 18 U.S.C. § 3582(c)(2), U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, and Amendment 821 to the U.S. Sentencing Guidelines. (Filing No. 38). He also supplemented his motion.[1] (Filing No. 46). For the reasons set forth below, the court **DENIES** Miranda-Alvidrez's motion.

**I.     Background**

In 2020, Miranda-Alvidrez pleaded guilty to two counts of distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Filing No. 33, Judgment at 1). He was assessed an offense level of 27. (Filing No. 27, Presentence Investigation Report ¶ 24). He received a subtotal criminal history score of 7. (*Id.* ¶ 31). He received two additional points for committing the offense while under a criminal

---

[1] On January 18, 2024, the court ordered Miranda-Alvidrez to supplement his motion within 28 days, and he did not do so. (Filing No. 43). On February 29, 2024, the Government timely responded to Miranda-Alvidrez's motion. (Filing No. 45). On that same day, Miranda-Alvidrez mailed the court a form to supplement his motion. (Filing No. 46).

1

justice sentence, making his total criminal history score 9 and his criminal history category IV. (*Id.* ¶¶ 32–33). The resulting guideline range, taking into consideration the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A), was 120 to 125 months. (*Id.* ¶ 68). The court sentenced Miranda-Alvidrez to 120 months' imprisonment. (Judgment at 2).

## II.   Legal Standard

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## III.   Discussion

Miranda-Alvidrez argues Part A of Amendment 821 entitles him to a reduced sentence.

Part A of Amendment 821 limits the overall impact of "status points" on certain offenders' criminal histories. U.S.S.G. § 4A1.1(e). Specifically, it reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point (if the defendant received seven or more criminal history points) or zero points (if the defendant received six or less criminal

2

history points).  *Id.*  Miranda-Alvidrez originally received two status points.  (Presentence Investigation Report ¶ 32).  He received a subtotal criminal history score of 7, so pursuant to Part A, he would now receive one status point, making his total criminal history score 8.  (*Id.* ¶ 31); § 4A1.1(e).  He would still be in criminal history category IV, and his guidelines range would therefore remain the same.  U.S.S.G. ch. 5, pt. A, introductory cmt. (Sentencing Table).  Because Part A does not lower his guidelines range, Miranda-Alvidrez is not eligible for a sentence reduction.  *See id.* § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

The court also notes that Miranda-Alvidrez's offenses carry a mandatory minimum sentence of 120 months of imprisonment.  21 U.S.C. § 841(b)(1)(A).  He was sentenced to that mandatory minimum.  (*See* Judgment).  A reduced sentenced, therefore, is not available to him regardless of whether he is eligible under Amendment 821.

## IV. Conclusion

For the reasons discussed above, Miranda-Alvidrez's Motion for Sentence Reduction (Filing Nos. 38, 46) is **DENIED**.  Miranda-Alvidrez's 120-month sentence remains as imposed at sentencing.

**IT IS SO ORDERED** this 30th day of May 2024.

                                                  RICHARD L. YOUNG, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distribution:

Electronically to Registered Counsel of Record.

Mail to:
Bryan Miranda
17233-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432